# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.**<br>1114 Fremont Avenue<br>South Pasadena, CA  91030-3227<br><br>Plaintiff,<br><br>vs.<br><br>**CHARESSE HILL**<br>**Individually and as the alter ego**<br>**of Tipsys on Colerian**<br>**4040 Schroeder Dr**<br>**Fairfield, Ohio 45011**<br><br><br>And<br><br>**ARC Entertainment LLC, Individually and**<br>**as the alter ego of Tipsys on Colerian**<br>**c/o Charesse Hill, StatutoryAgent**<br>**4040 Schroeder Dr**<br>**Fairfield, Ohio 45011**<br><br>Defendants. | **Case No.:  1:16-cv-00890**<br><br><br><br><br><br>**COMPLAINT** |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular

statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Ohio.

## **VENUE**

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Ohio, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## **INTRADISTRICT ASSIGNMENT**

5. Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Hamilton County and/or the United States District Court for the District of Ohio has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, J&J Sports Productions, Inc. is, and at all relevant times mentioned was, a Pennslyvania corporation with its principal place of business located at 1114 Fremont Avenue, South Pasadena, California 91030.

7. Defendant CHARESSE HILL is an officer and/or managing member of ARC Entertainment LLC, which at all material times owned and operated the commercial establishment doing business as TIPSYS ON COLERIAN operating at 8091 Colerain Ave Cincinnati, Ohio 45239.

8. Defendant CHARESSE HILL is also an individual specifically identified on the Ohio Department of Liquor License issued for TIPSYS ON COLERIAN.

9. Plaintiff is informed and believes, and alleges thereon that on September 13, 2014 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant CHARESSE HILL had the right and ability to supervise the activities of ARC Entertainment LLC, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on September 13, 2014 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant CHARESSE HILL , as an individual specifically identified on the liquor license for TIPSYS ON COLERIAN, had the obligation to supervise the activities of ARC Entertainment LLC, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on September 13, 2014 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant CHARESSE HILL specifically directed the employees of ARC Entertainment

LLC to unlawfully intercept and broadcast Plaintiff's *Program* at TIPSYS ON COLERIAN or that the actions of the employees of ARC Entertainment LLC are directly imputable to Defendants CHARESSE HILL by virtue of their acknowledged responsibility for the actions of ARC Entertainment LLC.

12. Plaintiff is informed and believes, and alleges thereon that on September 13, 2014, Defendant CHARESSE HILL as an officer of ARC Entertainment LLC and as an individual specifically identified on the liquor license for TIPSYS ON COLERIAN, had an obvious and direct financial interest in the activities of ARC Entertainment LLC, which included the unlawful interception of Plaintiff's *Program.*

13. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant CHARESSE HILL resulted in increased profits for ARC Entertainment LLC

14. Plaintiff is informed and believed, and alleges thereon that Defendant, ARC Entertainment LLC was an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as TIPSYS ON COLERIAN operating at 8091 Colerain Ave, Cincinnati, Ohio 45239.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

15. Plaintiff J&J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff J&J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to Floyd Mayweather Jr. v Marcus Rene Maidana II WBC Lightweight Championship Fight Program, that was telecast via pay-per view nationwide on Saturday, September 13, 2014 (this included all

under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

17. Pursuant to contract, Plaintiff J&J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Ohio, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J&J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

19. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Franklin County Ohio.

20. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21. Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff J&J Sports Productions, Inc., had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff J&J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J&J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i); and also

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
**(Violation of Title 47 U.S.C. Section 553)**

25. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff J&J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff J&J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

    (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

    (b) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## **COUNT III**
### **(Conversion)**

30. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-29, inclusive, as though set forth herein at length.

31.     By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, and each of them, tortiously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

32.     The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff J&J Sports Productions, Inc., by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

33.     Accordingly, Plaintiff J&J Sports Productions, Inc., is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against the Defendants, and each of them, and;
2. For exemplary damages against the Defendants, and each of them, and;
3. For punitive damages against the Defendants, and each of them, and;
4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
5. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;
6. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey L. Koberg*
**ZIEGLER METZGER LLP**
Jeffrey L. Koberg (0047386)
925 Euclid Ave, Suite 2020
Cleveland, Ohio 44115
216-781-5470-(f) 216-781-0714
jkoberg@zieglermetzger.com
Attorneys for Plaintiff
J&J Sports Productions, Inc.